# Third District Court of Appeal
## State of Florida

Opinion filed July 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0614
Lower Tribunal No. 22-427-GD-02
_____

**Michael Nearing, as Personal Representative of the Estate of Clara Ramos,**
Appellant,

vs.

**Ramiro A. Rodriguez, as Personal Representative of the Estate of Oria Faustina Bello, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Luis E. Barreto & Associates, P.A., and Luis E. Barreto; The Billbrough Firm, and G. Bart Billbrough, for appellant.

Corona Law Firm, P.A., and Ricardo R. Corona, Ricardo M. Corona, and Laura Hernandez, for appellees.

Before LOGUE, LINDSEY, and BOKOR, JJ.

LOGUE, J.

This appeal represents the second visit of this dispute to this Court. In this appeal, Michael Nearing, as Personal Representative of the Estate of Clara Ramos, appeals an order dismissing various claims against Ramiro A. Rodriguez, as Personal Representative of the Estate of Oria Faustina Bello. The order being appealed found that the claims were foreclosed by the law of the case doctrine based upon Batista v. Rodriguez, 388 So. 3d 1098 (Fla. 3d DCA 2024), in which this Court reviewed an earlier order dismissing claims filed by Ms. Ramos' guardian against Rodriguez and others. For the reasons stated below, we reverse.

This dispute initially arose from a guardianship proceeding instituted for the elderly Clara Ramos after it was alleged that she transferred funds and her homestead property to others who were allegedly Ramos' caretakers and Ramos' friend (Ms. Bello). In an earlier stage of this litigation, Ms. Ramos' guardian sued these alleged caretakers, including Ramiro A. Rodriguez, individually and as Personal Representative of the Estate of Oria Faustina Bello, claiming they exploited Ms. Ramos' mental infirmities. After multiple amendments across the guardianship and probate adversary proceedings, the operative complaint at issue in the prior appeal raised legal theories of civil theft, conversion, accounting, quiet title, slander of title, and partition, all centered on factual claims that the purported caretakers and Ms.

Bello, who was now deceased, took advantage of Ms. Ramos' elderly condition and mental infirmities. The defendants moved to dismiss for failure to state causes of action due to imprecision in the allegations, which the trial court granted with prejudice, declining to allow further amendments. Ms. Ramos' guardian filed the earlier appeal in this matter.

In the earlier appeal, the guardian's primary claim, as we described it in our opinion, was that the trial court erred by dismissing with prejudice "[the] claims for conversion and civil theft against Ramiro A. Rodriguez (individually and as the personal representative of the Estate of Oria Bello), Mayra Rodriguez, Angel Rodriguez, and Mercedes Saint Ives." Batista, 388 So. 3d at 1100. Concerning this claim, this Court held that the complaint stated a cause of action for conversion against all defendants and for civil theft against Ramiro A. Rodriguez, individually, and Mayra Rodriguez. Id. at 1101-02. This Court accordingly reversed the dismissal of the claims for conversion and civil theft. Id. In the first appeal, the guardian also challenged the trial court's decision to decline to allow further amendments. However, in reversing and remanding the case for further proceedings, the prior opinion in Batista did not discuss or rule on that issue.

During the appeal proceedings, Ms. Ramos passed away. In the trial court on remand, the guardian filed a motion to substitute parties and amend,

3

attaching a copy of the proposed amended complaint. The amended complaint substituted Michael Nearing, as Personal Representative of the Estate of Clara Ramos, as the plaintiff. The amended complaint alleged eleven counts, essentially focused on claims of undue influence, lack of capacity, and exploitation of an elderly person, but also asserted new theories of liability, including tortious interference with an expectancy.

The defendants then moved for summary judgment or to dismiss asserting that the counts of the newest complaint were barred by the law of the case doctrine. The trial court granted the motion and entered a summary judgment finding these claims were barred by the law of the case doctrine, except that it allowed the claims of civil theft and conversion to proceed only against the individual defendants. In doing so, the trial court entered a final judgment on behalf of the Estate of Oria Faustina Bello and Ramiro A. Rodriguez, in his capacity as personal representative of Bello's Estate.

In this appeal, Nearing argues the trial court erred in holding that his claim of conversion against Bello's Estate and Ramiro A. Rodriguez, as personal representative of Bello's Estate, was barred by the law of the case. We agree.

As mentioned above, this Court expressly held that the conversion claim against all defendants was wrongfully dismissed. This included Ramiro

4

A. Rodriguez, as personal representative of Bello's Estate. We therefore reverse the dismissal of the conversion claim filed against the Bello Estate and Ramiro A. Rodriguez, as personal representative of Bello's Estate.

Nearing also argues the trial court erred in holding that the other counts of the amended complaint are barred by the law of the case. We agree and hold that the other counts of the new complaint are not barred by the law of the case doctrine. "The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings." Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001). "Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case." Id. at 106.

Here, the new counts were not before this Court in the earlier appeal. Indeed, some of the claims involve facts that did not exist at the time (such as the death of Ms. Ramos, a fact integral to the new tortious interference with an expectancy claims). At most, the Batista decision held the trial court properly determined that the counts of the complaint (other than those for conversion and civil theft) failed to state a cause of action in the form at the time. Batista, 388 So. 3d at 1100 n.1. Except as stated above, the trial court

5

should address legal issues relating to the new amended complaint on the legal merits and not based upon the law of the case.

The order under review is reversed and this matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.